T.C. Memo. 1996-518


UNITED STATES TAX COURT


MARK A. AND JUANITA D. MURDOCK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16255-92.                    Filed November 25, 1996.


Mark A. Murdock, pro se.

<u>Timothy S. Murphy</u>, for respondent.


MEMORANDUM OPINION


FAY, <u>Judge</u>:  This case was assigned to Special Trial Judge

D. Irvin Couvillion pursuant to section 7443A(b)(4)[1] and Rules

180, 181, and 183.  The Court agrees with and adopts the opinion

of the Special Trial Judge, which is set forth below.


---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, Special Trial Judge:  Petitioners have filed a motion for leave to file a motion to vacate a decision that has been entered in this case.  The decision is a stipulated decision, signed by counsel for the parties, and was entered by the Court on January 11, 1994.  Petitioners' motion for leave to file the motion to vacate was filed February 20, 1996, over 2 years after the decision was entered.  No other motions, such as a motion to vacate, or a notice of appeal have ever been filed in this case.  Concurrent with petitioners' motion for leave to file is a motion to vacate, which petitioners lodged with the Court. Petitioners' motion for leave to file was calendared for hearing and was heard at this Court's Detroit, Michigan, trial session.[2]

In the notice of deficiency, on which this case is based, respondent determined the following deficiencies in Federal income taxes and additions to tax against petitioners:

---

[2]    Under the circumstances herein, the motion for leave to file the motion to vacate is a prerequisite to filing the motion to vacate.  In deciding whether to grant or deny a motion for leave to file a motion to vacate, the Court may consider the merits of the underlying motion to vacate to determine whether further proceedings are appropriate.  Brannon's of Shawnee, Inc. v. Commissioner, 69 T.C. 999 (1978).  Accordingly, the Court here considers the merits of petitioners' motion to vacate, even though the motion before the Court is a motion for leave to file the motion to vacate.

|      |            | Additions to Tax |         |         |
|------|------------|------------------|---------|---------|
|      |            | Sec.             | Sec.    | Sec.    |
| Year | Deficiency | 6653(b)          | 6661    | 6663    |
| 1988 | $9,394     | $7,046           | $2,349  | --      |
| 1989 | 6,565      | -0-              | --      | $4,924  |

A timely petition was filed on behalf of petitioners by an attorney who is admitted to practice before this Court. At the time the petition was filed, and at the time the subject motion was filed, petitioners were legal residents of the State of Michigan. Subsequent to filing the petition, respondent filed an answer and affirmatively alleged that petitioners were liable for fraud pursuant to sections 6653(b) and 6663, respectively, for the years 1988 and 1989. Counsel for petitioners thereafter filed a reply to the affirmative allegations pursuant to Rule 37. In due course, a notice was issued by this Court calendaring this case for trial at the Court's Detroit, Michigan, trial session commencing on January 31, 1994.

On January 5, 1994, counsel for petitioners, John C. Griffin, Jr. (Mr. Griffin), and Mark A. Murdock (petitioner) met with counsel for respondent, Dennis G. Driscoll (Mr. Driscoll), at respondent's offices. Petitioner Juanita D. Murdock was not present at this meeting. At the meeting, the parties reached a basis for settlement of the case. A stipulated decision document was prepared and signed on that date by Mr. Griffin and Mr. Driscoll, counsel for the parties. In that decision, the parties

agreed to the following deficiencies in Federal income taxes and
additions to tax:

|        |            | Additions to Tax | | |
|        |            | Sec. | Sec. | Sec. |
| Year   | Deficiency | 6653(b) | 6661 | 6663 |
| 1988   | $3,115     | $2,336  | -0-  | --   |
| 1989   | 924        | 693     | --   | -0-  |

The decision document was forwarded to the Court, and the
decision was entered on January 11, 1994. At the ensuing trial
session at Detroit on January 31, 1994, the case was not called,
nor did petitioners or their attorney appear for trial.
Petitioners were thereafter assessed by respondent for income tax
deficiencies and additions to tax in accordance with the
decision. It appears that no collection was made on the assessed
liabilities until petitioners filed their 1994 Federal income tax
return. That return reflected an overpayment of 1994 taxes in
the amount of $1,727. In lieu of refunding the overpayment to
petitioners, respondent applied the $1,727 to petitioners' unpaid
1988 liability. That action by respondent gave rise to the
motion presently before the Court.

In their motion for leave to file, in which petitioners are
pro se, petitioners contend there was fraud on the Court and on
the Internal Revenue Service (IRS) in the stipulated decision
that was signed by their attorney and counsel for respondent on
January 5, 1994. Petitioners correctly allege that they did not

sign the decision document. They further allege that their attorney, Mr. Griffin, did not have the authority to sign the decision. Petitioners base their argument of lack of authority of their attorney on the fact that a few days earlier, on December 29, 1993, petitioners executed IRS Form 2848, Power of Attorney and Declaration of Representative, in which they revoked all previous powers of attorney and designated petitioner Juanita D. Murdock as their agent and representative for petitioners' 1988 and 1989 tax years. Thus, petitioners contend Mr. Griffin no longer had any authority to represent petitioners in this case, and, since petitioner Juanita D. Murdock was not present at the conference with counsel for respondent on January 5, 1994, the stipulated decision signed on their behalf by Mr. Griffin is invalid. Respondent objects to petitioners' motion.

Sections 7481 and 7483 provide generally that a decision of this Court becomes final, in the absence of a timely filed notice of appeal, 90 days from the date the decision is entered. As a general rule, this Court is without jurisdiction to vacate a decision after the decision becomes final.

Petitioners contend that our final decision herein should be vacated on the ground that it was entered as a result of fraud on the Court. Petitioners, therefore, must establish that there was fraud on the Court in the entry of the decision on January 11, 1994, based on the conference of January 5, 1994. The burden of

proof is on the party filing the motion to vacate, and such burden must be established by clear and convincing evidence. Kraasch v. Commissioner, 70 T.C. 623, 626 (1978).

This Court, in Abatti v. Commissioner, 86 T.C. 1319, 1325 (1986), affd. 859 F.2d 115 (9th Cir. 1988), has described the term "fraud on the Court" as follows:

> Fraud on the court is "only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjud[g]ing cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court." Toscano v. Commissioner, 441, F.2d at 933, quoting 7 J. Moore, Federal Practice, par. 60.33 (2d ed. 1970). To prove such fraud, the petitioners must show that an intentional plan of deception designed to improperly influence the Court in its decision has had such an effect on the Court. * * *

The evidence adduced at the hearing on petitioners' motion falls far short of establishing fraud on the Court. Mr. Griffin was counsel of record for petitioners, and no motion to remove or cause the withdrawal of Mr. Griffin as counsel for petitioners was filed until after petitioners filed the subject motion seeking to vacate the decision.[3] Thus, on January 5, 1994, when Mr. Griffin and petitioner met with counsel for respondent, Mr. Driscoll, Mr. Griffin was duly authorized to represent petitioners in this case. Moreover, the evidence is clear that

---

[3]    Petitioners' motion to withdraw Mr. Griffin as their attorney, filed on June 14, 1996, was granted by the Court by order dated July 3, 1996.

neither Mr. Griffin nor Mr. Driscoll had received any notice or had knowledge that Mr. Griffin no longer represented petitioners or no longer had the authority to act for them as their attorney. The IRS Form 2848, Power of Attorney and Declaration of Representative, which petitioners executed on December 29, 1993, was not received by counsel for respondent until February 14, 1994. The Form 2848 was accompanied by a letter signed by petitioners, dated January 5, 1994, which stated in part:

> This letter is to certify that my wife and I disagree with the decision (Docket No. 16255-92) that you and Mr. Griffin has agreed upon. Mr. Griffin is no longer hired/representing me nor can he enter into any contracts. His Power of Attorney is no longer valid. His signature on the United States Tax Court Decision is invalid/void as of the date he signed it.
> I have decided that there is no tax due and will be going to Tax Court on my behalf. I have a number of witnesses and affidavits to win in Tax Court.
> Also I have not seen any figures, explanations, or relevant reasons that the imposed tax is true and correct by you or Mr. Griffin.

The Court is satisfied from the evidence adduced at the hearing that, at the conference on January 5, 1994, petitioner raised no objection to a settlement of the case. The purpose of the conference was to determine whether the case would settle, or whether the parties would proceed to trial. The Court is satisfied that Mr. Griffin, at the time of that conference and of the entry of decision, had no knowledge that petitioners desired to remove him as their attorney, nor did such information come to

his attention until long after January 1994.  Although Mr. Driscoll acknowledged at the hearing that petitioner was not happy with the decision, both Mr. Driscoll and Mr. Griffin agreed that petitioner raised no objection on January 5, 1994, to Mr. Griffin's signing the decision on that date.  It is apparent from the language in petitioner's letter to counsel for respondent that petitioner prepared the letter after the conference on January 5, 1994.  The Court is satisfied that the letter was not mailed to counsel for respondent, or it was not received by respondent, until February 14, 1994.  It is significant that petitioners failed to appear at the Court's session on January 31, 1994, to present their case, as they indicated they would do in their letter of January 5, 1994.  Petitioners offered no evidence as to why they failed to appear on January 31, 1994, to have their case heard if they disagreed with the basis of settlement that the parties had agreed to on January 5, 1994. Petitioners, therefore, have not convinced the Court that a fraud was perpetrated on the Court in the entry of the decision of this case on January 11, 1994.  Petitioners' motion for leave to file a motion to vacate will be denied.

An appropriate order

will be issued.